## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES DELP, JEFFREY ENT, KEVIN KAHLE, ADAM KRINER, BRIAN LaBORDE, and CHRIS WORTHING, on their own behalf and on behalf of all other persons similarly situated, | ) ) ) ) ) ) ) |
| | JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. _____ |
| TRAIL KING INDUSTRIES, INC., and CARLISLE COMPANIES, INC. | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT – CLASS ACTION
## FOR VIOLATIONS OF THE WARN ACT, 29 U.S.C. § 2101 *ET SEQ.*

### INTRODUCTION

Plaintiffs bring this action under the WARN Act on behalf of themselves and a class or subclasses of similarly situated former employees of the Trail King manufacturing plant in Brookville, Pennsylvania owned by Defendants. Plaintiffs lost their jobs between late 2008, when Defendants began implementing large-scale layoffs in Brookville, and October 31, 2009, when Defendants closed the plant. Plaintiffs charge that Defendants violated the WARN Act by failing to provide them with the 60-day prior written notice of termination that complies with the Act. Plaintiffs seek declaratory relief, unpaid wages and benefits for 60 days, attorneys' fees, costs and interest.

### NATURE OF THE ACTION

1. Defendants Trail King Industries, Inc., and Carlisle Companies, Inc., operate a truck trailer manufacturing business. Until late 2009, Defendants operated three manufacturing plants, including a facility in Brookville, Pennsylvania.

2. Defendants' Brookville trailer plant was one of the largest employers in Jefferson County, Pennsylvania, employing more than 300 workers before Defendants implemented a series of layoffs beginning in late 2008 and continuing until the plant permanently closed in October 2009.

3. Defendants failed to give Plaintiffs and other affected employees 60 days' prior written notice of the pending loss of their jobs that complies with the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. In fact, many laid-off or terminated employees received no prior written notice at all.

4. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees Defendants from the Brookville plant who did not receive 60 days' prior written notice of their terminations that complies with the WARN Act.

5. Plaintiffs and the members of the putative class seek a declaration that Defendants violated the WARN Act, recovery of up to 60 days' wages and benefits, plus reasonable attorneys' fees and costs pursuant to the WARN Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. § 2104(a)(5).

7. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

8. Venue is proper in the Western District of Pennsylvania (the "Western District") pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

9. Plaintiff Charles Delp was employed by Defendants as a maintenance worker at the plant they operated near Brookville, Pennsylvania ("Brookville Plant"), until he was terminated on or about December 24, 2008.

10. Plaintiff Jeffrey Ent was employed by Defendants as a welder (class A) at the Brookville Plant until he was terminated on or about June 4, 2009.

11. Plaintiff Kevin Kahle was employed by Defendants as a service technician at the Brookville Plant until he was terminated on or about August 28, 2009.

12. Plaintiff Adam Kriner was employed by Defendants as a welder at the Brookville Plant until he was terminated on or about March 23, 2009.

13. Plaintiff Brian LaBorde was employed by Defendants as a painter (class A) at the Brookville Plant until he was terminated or about December 30, 2008.

14. Plaintiff Chris Worthing was employed by Defendants as a crew leader and assistant supervisor at the Brookville Plant until he was terminated on or about June 4, 2009.

15. The members of the putative class were also employed by Defendants at the Brookville Plant in various production, maintenance, administrative and management positions until they too were terminated at some point between late 2008 and October 2009.

*Defendants*

16. Defendant Carlisle Companies, Inc. ("Carlisle") is a Delaware corporation with its principal place of business at 13925 Ballantyne Corporate Place, Suite 400,

Charlotte, NC 28277. Carlisle conducted business in the Western District at the Brookville Plant at all times relevant to this action.

17. Defendant Trail King Industries, Inc. ("Trail King") is a South Dakota corporation with its principal place of business at 300 East Norway, Mitchell, South Dakota 57301. Trail King conducted business in the Western District at the Brookville Plant.

    a) At all times relevant to this action, Trail King operated, and continues to operate, trailer manufacturing plants in Mitchell, South Dakota, and West Fargo, North Dakota.

    b) The Brookville plant and the plants in South and North Dakota were the constituent parts of an integrated manufacturing, distribution and sales business operated by Defendants.

2. Trail King is a wholly owned subsidiary of Carlisle.

3. Carlisle managed and operated Trail King and directed the daily operations of Trail King.

4. Defendants shared common officers, directors and executives at all times relevant to this action, including:

    a) David Roberts, President, Chairman and Chief Executive of Carlisle and a Director of Trail King.

    b) Steven J. Ford, Vice President and Secretary of both Carlisle and Trail King.

    c) Kevin Zdimal, Vice President and Chief Accounting Officer of Carlisle and Treasurer of Trail King.

      d)      Michael L. Roberson, Vice President and Assistant General Counsel of Carlisle and a Director of Trail King.

      e)      Carol P. Lowe, Vice President and Chief Financial Officer of Carlisle and President of Trail King.

2. Defendants began laying off employees at the Brookville Plan beginning in late 2008 and closed that facility in October 2009. Plaintiffs and the members of the putative class lost their jobs as a result of those layoffs and/or the plant closing.

**WARN ACT CLASS ACTION ALLEGATIONS, 29 U.S.C. § 2104**

3. Plaintiffs bring this action as a class action pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), (b)(1)(A), (b)(2), and (b)(3) on behalf of a class or subclasses ("putative class" or "Class" ) defined as follows:

    All former employees of Defendants' Brookville Plant who:

    a) were terminated as part of, or as the foreseeable result of, Defendants' decision to implement mass layoffs and/or close the Brookville plant; and

    b) to whom Defendants failed to provide 60 days' prior written notice of their pending job loss.

4. The members of the putative class are so numerous that joinder is impracticable. Plaintiffs do not know the precise number of such persons as that information is within Defendants' sole control.

5. The identity of the members of the putative class, their most recent address, and information as to their rate of pay and benefits at termination can be found in the books and records of Defendants.

DRAFT • 6/28/10

6. Common questions of law and fact exist as to members of the Class, including, but not limited to, the following:

    a)    whether they were employed by Defendants at the Brookville Plant and terminated during the relevant time frame;

    b)    whether Defendants acted as a "single employer" within the meaning of the WARN Act in implementing the layoffs and closing that Brookville Plant;

    c)    whether Defendants decided to implement the layoffs and plant closing outside of the 60-day notice period;

    d)    whether Defendants violated the WARN Act by failing to provide them with 60 days' prior written notice of their pending job loss; and

    e)    whether Defendants violated the WARN Act in failing to pay them wages and benefits for 60 days after termination.

5. Plaintiffs' claims are typical of those of the members of the putative class. Like other Class members, Plaintiffs worked for Defendants at the Brookville Plant and were terminated between late 2008 and October 2009 as a result of Defendants' decision to implement mass layoffs and/or close the plant.

6. Plaintiffs will fairly and adequately protect the interests of the Class.

7. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and other statutory employment benefit litigation.

8. Between late 2008 and late 2009, Defendants terminated Plaintiffs as part of a "mass layoff" and/or a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2)-(3). Accordingly, the WARN Act required Defendants to provide Plaintiffs with 60 days' prior written notice of their pending job loss.

9. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A), as concentrating all potential WARN Act litigation arising out of the mass layoffs and closing of the Brookville Plant will avoid duplicative cases that might result in inconsistent judgments that could impose contradictory standards upon Defendants.

10. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2), as Defendants have acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

11. Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members.

12. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. This is especially true in litigation arising under the WARN Act, which applies only to larger employers (100 or more) and only where a threshold number (50) or percentage (33%) of employees have been terminated, and where individual WARN Act plaintiffs often lack financial resources to bring suit. In addition, the 60-day wage and benefit loss that affected employees can recover may not be large enough to support litigation by individual WARN Act plaintiffs.

DRAFT • 6/28/10

13. Class certification will conserve the resources of the court and parties and is the most efficient means of resolving the WARN Act claims of the Class.

## CLAIM FOR RELIEF

14. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs and further allege the following facts, which were applicable at all times relevant to this action.

15. Defendants employed more than 100 employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of overtime, within the United States.

16. Defendants were and are an "employer" within the meaning of 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a).

17. Defendants constituted a "single employer" of the Plaintiffs and the Class Members under the WARN Act insofar as, *inter alia,* they:

    a)    Shared common ownership;

    b)    Shared common officers and directors;

    c)    Exercised *de facto* control over the daily and long-term operations of the Brookville Plant;

    d)    Implemented mass layoffs and closed the Brookville Plant;

    d)    Maintained a unity of personnel policies that emanated from a common source; and

    e)    Operated interdependently.

18. Between late 2008 and late 2009, Defendants implemented at least one "mass layoff" and/or a "plant closing" at the Brookville Plant, within the meaning of 29 U.S.C. § 2101(a)(2).

   a)   During a 30-day period (to be determined) that encompasses December 24, 2008, Defendants laid off more than 50 members of the putative class without providing them with 60-days prior written notice of their pending job loss that complies with the WARN Act.

   b)   During at least one 90-day period (and possibly more) between January 2009 and July 2009, Defendant laid off 50 or more workers without providing any prior written notice of pending job loss.

   c)   On or about July 20, 2009, Defendants provided a limited number of employees with a written "Official Notice of Closure" in which Defendants announced that the Brookville Plant would permanently cease operations after October 31, 2009.  Some of these employees lost their jobs less than 60 days after receiving this notice. In addition, Defendants failed to provide this notice to a number of Brookville workers who had already been laid off and who, following this announcement, never returned to the job.

19. Each mass layoff and the plant closing at the Brookville Plant resulted in an "employment loss" within the meaning of 29 U.S.C. § 2101(a)(2) for at least fifty (50) of Defendants' employees and thirty-three percent (33%) of the work force at the Brookville Plant, excluding "part-time employees" within the meaning of 29 U.S.C. § 2101(a)(8).

20. Plaintiffs and the members of the putative class were terminated as part of, or as the reasonably foreseeable consequence of, mass layoffs or the plant closing implemented by Defendants at the Brookville Plant.

21. Plaintiffs and the members of the putative class are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

22. Under the WARN Act, Defendants were required to provide Plaintiffs and the members of the putative class with at least 60 days' prior written notice of termination that complies with the Act.

23. Defendants failed to provide Plaintiffs and the members of the putative class with the prior notice required by the WARN Act.

24. Defendants also failed to give 60 days' prior written notice to the rapid-response agency designated by the Commonwealth of Pennsylvania pursuant to 29 U.S.C. § 2864(a)(2)(A) and/or to the chief elected official of the unit of local government within which the mass layoffs and closing occurred, as required by 29 U.S.C. § 2102(a)(2).

25. Plaintiffs and each of the members of the putative class are "aggrieved employees" of the Defendant within the meaning of 29 U.S.C. § 2104(a)(7).

26. Defendants further violated the WARN Act by failing to pay Plaintiffs and the members of the putative class wages, salaries, commissions, bonuses, accrued holiday pay and/or accrued vacation, 401(k) contributions and to provide them with COBRA benefits for the 60-day period that followed their respective termination dates.

DRAFT • 6/28/10

DRAFT • 6/28/10

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court provide them with the following relief against Defendants, jointly and severally:

    A.    Assume jurisdiction of their cause of action;

    B.    Certify this case as a class action pursuant to F.R.C.P. 23(b)(1)(A) and 23(b)(2) or, alternatively, 23(b)(3);

    C.    Designate the named Plaintiffs as Class Representatives;

    D.    Appoint the undersigned attorneys as Class Counsel;

    E.    Enter a judgment in favor of the Class (a) declaring that Defendants violated the WARN Act, and (b) awarding monetary damages equal to the sum of: Class members' unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

    F.    Award pre- and post-judgment interest;

    G.    Award costs, including expert witness fees, and reasonable attorneys' fees; and

DRAFT • 6/28/10

      H.    Award such other and further relief as this Court may deem just and proper.

DATED: July 1, 2010          Respectfully submitted,

/s/ Claudia Davidson

OFFICES OF CLAUDIA DAVIDSON
Claudia Davidson (PA ID No. 36020)
cdavidson@choiceonemail.com
Joseph D. Shaulis (PA ID No. 209261)
jdshaulis@gmail.com
Fifth Floor, Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
Phone: (412) 391-7709
Fax: (412) 391-1190

STEMBER FEINSTEIN  DOYLE PAYNE &
  CORDES, LLC
John Stember (PA ID No. 23643)
jstember@stemberfeinstein.com
William T. Payne (PA ID No. 38083)
wpayne@stemberfeinstein.com
Jonathan K. Cohn (PA ID No. 92755)
jcohn@stemberfeinstein.com
429 Forbes Avenue
Allegheny Building, 17th Floor
Pittsburgh, PA 15219
Phone: (412) 281-8400
Fax: (412) 281-1007

NLG / MAURICE & JANE SUGAR
  LAW CENTER FOR ECONOMIC
  & SOCIAL JUSTICE
John C. Philo (MI ID No. P52721)
jphilo@sugarlaw.org
4605 Cass Avenue, Second Floor
Detroit, MI 48201
Phone: (313) 993-4505

DRAFT • 6/28/10

Fax: (313) 887-8470

Counsel for Plaintiffs
and the Putative Class

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES DELP, JEFFREY ENT, KEVIN KAHLE, ADAM KRINER, BRIAN LaBORDE, and CHRIS WORTHING, on their own behalf and on behalf of all other persons similarly situated, | |
| | JURY TRIAL DEMANDED |
| Plaintiffs, | |
| v. | CIVIL ACTION NO. _____ |
| TRAIL KING INDUSTRIES, INC., and CARLISLE COMPANIES, INC. | |
| Defendants. | |

Plaintiffs hereby demand a jury trial.

/s/ Claudia Davidson